1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10
11   ALFRED EUGENE SHALLOWHORN,    ) Case No. CV 23-3652-GW (JPR)
                                   )
12                   Petitioner,   )
                                   ) ORDER SUMMARILY DISMISSING HABEAS
13          v.                     ) PETITION AND DENYING MOTION FOR
                                   ) LEAVE TO FILE IT
14   FIDENCIO N. GUZMAN, Acting    )
     Warden,[1]                    )
15                                 )
                     Respondent.   )
16   _____  )

17        On May 10, 2023, Petitioner, a state prisoner, filed a

18   Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254,

19   challenging his 1998 convictions for first-degree murder and

20   related crimes.  Recognizing that the Petition on its face is

21   second or successive, he also filed a motion arguing that the

22   Petition does not fall under § 2244(b), which generally bars such

23   _____

24        [1]  Fidencio N. Guzman is substituted in under Federal Rule of
     Civil Procedure 25(d) as the proper Respondent because he is the
25   acting warden of Centinela State Prison, where Petitioner is
     housed.  See Centinela State Prison (CEN), Cal. Dep't of Corr. &
26   Rehab., https://www.cdcr.ca.gov/Facility-Locator/CEN/ (last visited
     July 25, 2023); (see also Pet., ECF No. 1 at 1 (throughout, the
27   Court uses the pagination generated by its Case Management/
     Electronic Case Filing system)).
28

                                    1

petitions without prior authorization from the Ninth Circuit
Court of Appeals.  Indeed, this is not Petitioner's first federal
habeas petition.  On July 16, 2010, the Court denied on the
merits his initial petition challenging the same convictions.
See Orders, Shallowhorn v. Stribling, No. CV 04-8421-SVW (JPR)
(C.D. Cal. July 16, 2010) (ECF Nos. 70 & 71).  The Ninth Circuit
denied his request for a certificate of appealability.  See
Order, id. (ECF No. 81).  On October 30, 2015, the Court
summarily denied another petition because it was successive or
second and he had not requested, much less received, permission
from the Ninth Circuit to file it.  See Order, Shallowhorn v.
Madden, No. CV 15-8051-MMM (JPR) (C.D. Cal. Oct. 30, 2015) (ECF
No. 4).  On March 2, 2016, he moved under Federal Rule of Civil
Procedure 60(b) to vacate the judgment in his original habeas
case, but the Court denied the motion as a disguised successive
petition.  See Order, Stribling (ECF No. 87).  The Ninth Circuit
again denied his requests for a certificate of appealability.
See Order, id. (ECF No. 91); Order, Madden (ECF No. 10).  And on
March 16, 2017, the Court denied his renewed Rule 60(b) motion.
See Order, Stribling (ECF No. 93).

   For the reasons discussed below, the Court recommends that
the Petition be dismissed without prejudice.

**PETITIONER'S CLAIMS**

   I.  His 1998 convictions violate due process because 2019
amendments to California law render the evidence in his case
insufficient to support the convictions.  (See Pet., ECF No. 1 at
24-40.)

   II.  His continued incarceration violates due process

2

because amendments to California law have rendered his convictions unconstitutional.  (See id. at 41-42.)

   III. The state court's recent denial of his petition for resentencing under California Penal Code section 1170.95[2] violates due process.  (See id. at 43-52; see also Cal. Ct. App. Suppl. Opening Br., ECF No. 3 at 8-22 (Petitioner alleging that superior court's denial of his section 1170.95 petition constituted prejudicial error).)

**BACKGROUND**

   In February 1998, a Los Angeles County Superior Court jury convicted Petitioner of conspiracy to commit murder and three counts of first-degree murder and found true his personal use of a firearm and other special circumstances.  (See Pet., ECF No. 1 at 2; Cal. Ct. App. Suppl. Opening Br., ECF No. 3 at 5.)  In July 1998, he was sentenced to three consecutive life terms without the possibility of parole.  (See Pet., ECF No. 1 at 2; id., Ex. B at 59.)

   In January 2019, Senate Bill 1437
   was enacted to "amend the felony murder rule and the
   natural and probable consequences doctrine, as it relates
   to murder, to ensure that murder liability is not imposed
   on a person who is not the actual killer, did not act
   with the intent to kill, or was not a major participant
   in the underlying felony who acted with reckless
   indifference to human life."  (Stats. 2018, ch. 1015, §

---

   [2] Section 1170.95 was renumbered to section 1172.6, effective June 30, 2022.  See Walker v. Cal. Sup. Ct., No. CV 22-4638-CAS(E), 2022 WL 11337927, at *1 n.1 (C.D. Cal. Sept. 13, 2022).

1     1, subd. (f).)

2 People v. Martinez, 31 Cal. App. 5th 719, 723 (2019) (as modified

3 on denial of reh'g).  The bill enacted Penal Code section

4 1170.95(a) to allow those so convicted to "file a petition with

5 the court that sentenced the petitioner to have the petitioner's

6 murder conviction vacated and to be resentenced on any remaining

7 counts."  Id.

8     On December 17, 2020, Petitioner filed a section 1170.95

9 resentencing petition in the superior court, which denied it for

10 failure to make a prima facie showing.  (See Pet., Ex. A, ECF No.

11 1 at 55-57.)  He appealed, and the court of appeal affirmed on

12 September 9, 2021.  (See id., Ex. B at 58-62.)  On November 17,

13 2021, the supreme court denied his petition for review.  See Cal.

14 App. Cts. Case Info., https://appellatecases.courtinfo.ca.gov/

15 (search for "Alfred" with "Shallowhorn"; then follow "S271327"

16 hyperlink) (last visited July 25, 2023).  He filed a habeas

17 petition in the supreme court (see Pet., ECF No. 1 at 53); it

18 remains pending, see Cal. App. Cts. Case Info., https://

19 appellatecases.courtinfo.ca.gov/ (search for "Alfred" with

20 "Shallowhorn"; then follow "S279952" hyperlink) (last visited

21 July 25, 2023).

22                 **DISCUSSION**

23 **I.  Applicable Law**

24     The Antiterrorism and Effective Death Penalty Act of 1996

25 provides, in § 2244(b), as follows:

26     (1)  A claim presented in a second or successive habeas

27         corpus application under section 2254 that was

28         presented   in   a   prior   application   shall   be

1       dismissed.

2   (2)   A claim presented in a second or successive habeas

3         corpus application under section 2254 that was not

4         presented in a prior application shall be dismissed

5         unless—

6   (A)   the applicant shows that the claim relies on a

7         new rule of constitutional law, made

8         retroactive to cases on collateral review by

9         the Supreme Court, that was previously

10        unavailable; or

11  (B)(i)   the factual predicate for the claim could

12        not have been discovered previously

13        through the exercise of due diligence;

14        and

15     (ii)   the facts underlying the claim, if proven

16        and viewed in light of the evidence as a

17        whole, would be sufficient to establish

18        by clear and convincing evidence that,

19        but for constitutional error, no

20        reasonable factfinder would have found

21        the applicant guilty of the underlying

22        offense.

23  (3)(A)   Before a second or successive application

24        permitted by this section is filed in the

25        district court, the applicant shall move in

26        the appropriate court of appeals for an order

27        authorizing the district court to consider the

28        application.

1    Not all "[h]abeas petitions that are filed second-in-time
2    are . . . second or successive." Clayton v. Biter, 868 F.3d 840,
3    843 (9th Cir. 2017).  For example, a petition is not successive
4    if it is based on a "new judgment" intervening between the denial
5    of a federal habeas petition on the merits and the filing of a
6    subsequent one.  Magwood v. Patterson, 561 U.S. 320, 331-33
7    (2010); Brown v. Muniz, 889 F.3d 661, 667 (9th Cir. 2018) (claim
8    in second petition is not successive "if it is based on an
9    intervening state court judgment . . . notwithstanding that the
10   same claim . . . could have been brought in the first petition"
11   (emphasis in original)).
12    A state-court judgment may be "intervening" even if it
13   leaves "in place an earlier challenged conviction and sentence."
14   Clayton, 868 F.3d at 843-44 (citing Wentzell v. Neven, 674 F.3d
15   1124 (9th Cir. 2012)).  Thus, in Clayton, in which the petitioner
16   challenged the denial of a resentencing petition filed under a
17   different state-law provision than the one at issue here, the
18   Ninth Circuit held that the resentencing petition's denial
19   "result[ed] in the entry of a new appealable order or judgment"
20   and therefore his claim challenging that denial wasn't
21   successive.  Id. at 844; see Young v. Cueva, No. CV
22   20-8304-CJC(E), 2020 WL 8455474, at *2 (C.D. Cal. Oct. 27, 2020)
23   (finding that "denial of a petition for resentencing" constituted
24   "new judgment" and that petitioner's challenge to that denial and
25   not conviction itself was not successive).
26    But when a second-in-time petition concerns the same
27   judgment as that challenged in a prior federal petition that was
28   denied on the merits, the general prohibition on unauthorized

1   second or successive petitions bars consideration of the second

2   petition without prior authorization from the court of appeals.

3   See Burton v. Stewart, 549 U.S. 147, 153 (2007) (per curiam)

4   (district court properly dismissed petitioner's second habeas

5   petition for lack of jurisdiction when he "twice brought claims

6   contesting the same custody imposed by the same judgment of a

7   state court" without first obtaining authorization from circuit

8   court).

9   **II.  Analysis**

10      A.   <u>The Petition's claims challenging Petitioner's 1998</u>

11           <u>convictions are successive</u>

12   Ground one alleges that "after amendments to California law,

13   the evidence in [Petitioner's] case is constitutionally

14   insufficient to support his murder convictions and his conviction

15   of conspiracy to murder" (Pet., ECF No. 1 at 24), and ground two

16   claims that "the lack of sufficient evidence . . . renders

17   Petitioner's convictions for murder and conspiracy

18   unconstitutional" (id. at 42).[3]  Such claims challenge the same

19   _____

20      [3] Petitioner's "Motion to File Petition" relies on many of the
    same cases as a similar motion accompanying his summarily dismissed
21   2015 petition.  (Compare Mot. File Pet., ECF No. 2, with Mot. File
    Pet. Habeas Corpus, Madden (ECF No. 3).)  To the extent he argues
22   that the factual predicate for his current claims did not exist
    until state law changed in 2019 (see Mot. File Pet., ECF No. 2 at
23   10-11) or that Fiore v. White, 531 U.S. 225 (2001) (per curiam),
    saves them (see Pet., ECF No. 1 at 41-42), his argument fails
24   because he "does not allege that the evidence in his case never
    supported his conviction."  Edwards v. Robertson, No. 5:23-cv-
25   00126-MEMF-KES, 2023 WL 4111372, at *8 (C.D. Cal. June 21, 2023)
    (holding that "change in state law 'does not invalidate a
26   conviction obtained under an earlier law'" (quoting Kleve v. Hill,
    243 F.3d 1149, 1151 (9th Cir. 2001)).  Petitioner also alleges that
27   applying § 2244(b) to bar his claims would violate the Suspension

1998 judgment as Petitioner's initial federal habeas petition,
from 2004, which was denied on the merits with prejudice in 2010.
See Order, Stribling (ECF No. 70).  Although the Petition's first
two claims are premised in part on changes Senate Bill 1437 made
to California law (see, e.g., Pet., ECF No. 1 at 24, 27, 41),
they attack and seek to "vacate[]" the 1998 convictions (id. at
42) rather than the denial of his section 1170.95 resentencing
petition.  Indeed, he checked the box on the form petition
indicating that he was challenging "a conviction and/or
sentence."  (Id. at 2.)

The state court's denial of Petitioner's section 1170.95
resentencing petition between the denial of his last federal
habeas petition and the filing of this one does not alter the
result.  The superior court denied the resentencing petition in
its entirety and did not disturb Petitioner's original judgment.
(See Pet., Ex. A, ECF No. 1 at 55-57.)  As such, no intervening
new judgment saves the Petition's claims challenging the 1998
convictions from being impermissibly successive.  Compare Cole v.
Sullivan, 480 F. Supp. 3d 1089, 1096-97 (C.D. Cal. 2020) (denial
of resentencing petition under section 1170.95 did not "open the
door for a petitioner to bring a new challenge to an old
conviction that already has been challenged"; distinguishing
Clayton), with Magwood, 561 U.S. at 323-24, 339 (petitioner's
second-in-time federal habeas petition was not impermissibly

---

Clause.  (Mot. File Pet., ECF No. 2 at 13-18.)  But the "Supreme
Court upheld § 2244(b) as consistent with the Suspension Clause of
the United States Constitution in Felker v. Turpin, 518 U.S. 651,
664 (1996)."  Brown v. Muniz, 889 F.3d 661, 668 n.3 (9th Cir.
2018).

successive when state court imposed new sentence after his first federal habeas petition was granted); <u>Wentzell</u>, 674 F.3d at 1125 (petitioner's second habeas petition was not impermissibly successive when state court amended judgment of conviction after his first federal habeas petition was denied).  Under § 2244(b), then, Petitioner was required to secure an order from the Ninth Circuit authorizing these claims before he filed them.  <u>See Cooper v. Calderon</u>, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam).  A review of the Ninth Circuit's docket indicates that he has not asked for or obtained any such order.

Petitioner spends a good portion of his motion for leave to file the Petition analogizing to the law governing those seeking to file successive challenges to federal convictions, who have resort to a statutory "escape hatch" in circumstances allegedly similar to his — that is, when the statutory law governing the challenged conviction has been amended favorably.  (<u>See</u> Mot. File Pet., ECF No. 2 at 16-18.)  But the U.S. Supreme Court recently held that the escape hatch does not apply in such circumstances.  <u>See Jones v. Hendrix</u>, 143 S. Ct. 1857, 1864 (2023).  Thus, this argument does not help Petitioner.

For all these reasons, the Petition's first two claims are successive, have not been authorized by the Ninth Circuit, and must be summarily dismissed.  <u>See Burton</u>, 549 U.S. at 153.

      B.   <u>The Petition's claim challenging the state court's denial of the resentencing petition is not cognizable on federal habeas review</u>

Ground three alleges that the state court "misinterpreted both the law <u>and</u> the facts" when denying Petitioner's

resenting petition.[4]  (Pet., ECF No. 1 at 43 (emphasis in original).)  Even if that denial resulted in an intervening judgment and rendered the claim not successive, see Clayton, 868 F.3d at 843-44; Young, 2020 WL 8455474, at *2; but see Cole, 480 F. Supp. 3d at 1096-97, Petitioner could not gain relief because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Waddington v. Sarausad, 555 U.S. 179, 192 n.5 (2009) (citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  Federal courts have routinely held that challenges to denials of section 1170.95 resentencing petitions "pertain solely to the state court's interpretation and application of state sentencing law and therefore are not cognizable" on federal habeas review.  Cole, 480 F. Supp. 3d at 1097; Allen v. Montgomery, No. 19-1530-VBF (PLA), 2020 WL 1991426, at *13 (C.D. Cal. Jan. 7, 2020) (same), accepted by 2020 WL 6321762 (C.D. Cal. Oct. 26, 2020), cert. of appealability denied, No. 21-55080 (9th Cir. Apr. 28, 2022); see also Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.").

---

[4]  As noted above, Petitioner's May 2023 habeas petition remains pending before the supreme court.  See Cal. App. Cts. Case Info., https://appellatecases.courtinfo.ca.gov/ (search for "Alfred" with "Shallowhorn"; then follow "S279952" hyperlink) (last visited July 25, 2023).  Thus, his claim might not yet be exhausted.  See § 2254(b).  But Petitioner's failure to exhaust does not preclude the Court from adjudicating the claim because it may dismiss an unexhausted claim if it finds on de novo review that it is not even colorable.  Cf. 28 U.S.C. § 2254(b)(2); Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005) (court may deny unexhausted claim on merits "when it is perfectly clear that the applicant does not raise even a colorable federal claim").

1      Petitioner alludes to his right to due process (see Pet.,
2  ECF No. 1 at 43, 50), but that does not transform his state-law
3  claim into a cognizable federal one.  See Gray v. Netherland, 518
4  U.S. 152, 163 (1996) (explaining that petitioner may not convert
5  state-law claim into federal one by making general appeal to
6  constitutional guarantee); see also Cacoperdo v. Demosthenes, 37
7  F.3d 504, 507 (9th Cir. 1994) (habeas petitioner's mere reference
8  to Due Process Clause was insufficient to render his claims
9  viable under 14th Amendment); Walker v. Cal. Sup. Ct., No. CV
10  22-4638-CAS(E), 2022 WL 11337927, at *2 (C.D. Cal. Sept. 13,
11  2022) (petitioner's allegation that state court violated due
12  process in denying section 1170.95 resentencing petition was not
13  sufficient to transform state-law claim into cognizable federal
14  one), accepted by 2022 WL 11269388 (C.D. Cal. Oct. 13, 2022).

15      In Clayton, the Ninth Circuit suggested in dictum that a
16  petitioner challenging the denial of a resentencing petition
17  brought under a different state statute might have a protected
18  liberty interest in the state court's alleged failure to hold a
19  hearing on his claim.  See 868 F.3d at 846 n.2.  But when a
20  petitioner is "not entitled to resentencing under state law,"
21  failure to grant the requested relief is not "arbitrary or
22  capricious" and does "not deprive him of due process."  Cole, 480
23  F. Supp. 3d at 1098; see also Torricellas v. Core, No.: 22-cv-
24  1670-MMA-KSC, 2023 WL 2544558, at *7 (S.D. Cal. Mar. 15, 2023)
25  ("Supreme Court has not yet specified what requirements, if any,
26  due process imposes upon state law resentencing proceedings," and
27  that "would alone be sufficient grounds to deny the Petition
28  because there is no 'clearly established' federal law on which

1   petitioner can rely" (citing <u>Wright v. Van Patten</u>, 552 U.S. 120,

2   126 (2008) (per curiam))), <u>accepted by</u> 2023 WL 3990053 (S.D. Cal.

3   June 13, 2023), <u>appeal filed</u>, No. 23-55640 (9th Cir. July 21,

4   2023).

5        Here, Petitioner asserts that he was "denied . . . the

6   relief to which he was entitled: A full hearing under the

7   reasonable doubt standard on the issue of malice."  (Pet., ECF

8   No. 1 at 51-52.)  But the state court found him categorically

9   "ineligib[le] for resentencing relief under section 1170.95"

10  (<u>id.</u>, Ex. B at 62;[5] <u>see</u> <u>id.</u>, Ex. A at 55 (superior court holding

11  that "jury was not instructed on either the natural and probable

12  consequences doctrine" or "the felony murder doctrine,"

13  precluding relief under section 1170.95)), and this Court is

14  bound by that decision.  <u>Richey</u>, 546 U.S. at 76; <u>Cole</u>, 480 F.

15  Supp. 3d at 1098.  Thus, this claim is not even colorable because

16  it lacks "a viable federal question."  <u>Cole</u>, 480 F. Supp. 3d at

17  1098; <u>see also</u> <u>Cassett</u>, 406 F.3d at 623-24.

18                              **ORDER**

19       IT THEREFORE IS ORDERED that the Petition is SUMMARILY

20  DISMISSED without prejudice to its refiling should Petitioner

21

22       [5] The court of appeal decision attached to the Petition is
    missing even-numbered pages.  (<u>See</u> Pet., Ex. B., ECF No. 1.)  In
23  those pages, the court noted that "section 1170.95 is aimed at
    vacating murder convictions not based on a finding that the
24  defendant himself acted with malice" and found that each of the
    three theories of murder presented to the jury in Petitioner's case
25  "required a finding that [he] himself acted with malice."  <u>See</u>
    <u>People v. Shallowhorn</u>, No. B311337, 2021 WL 4099075, at *3 (Cal.
26  Ct. App. Sept. 9, 2021).  Indeed, Petitioner acknowledges as much.
    (<u>See</u> Mot. File Pet., ECF No. 2 at 7 (conceding that "[a]ll three
27  theories" of guilt on which he was tried "required proof of intent
    to kill on Petitioner's part").)
28

1   obtain the necessary permission from the Ninth Circuit, see R. 4,

2   Rs. Governing § 2254 Petitions in U.S. Dist. Cts. ("If it plainly

3   appears . . . that the petitioner is not entitled to relief in

4   the district court, the judge must dismiss the petition."); C.D.

5   Cal. R. 72-3.2 (authorizing Magistrate Judge to prepare order

6   summarily dismissing habeas petition for District Judge's

7   signature), and the motion for leave to file it is DENIED.

8

9   DATED: August 4, 2023

    _____
    GEORGE H. WU
    U.S. DISTRICT JUDGE

11

    Presented by:

    _____
    Jean P. Rosenbluth
    U.S. Magistrate Judge

13